UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GENE HAYNES,                                           **FIRST AMENDED COMPLAINT**
                                                              **17 cv 3059 (FB) (VMS)**

                                                           **ECF Case**

                    Plaintiff,

            vs.

NYPD LIEUTENANT MICHAEL RASO,
DETECTIVE JUAN RODRIGUEZ,
POLICE OFFICER FREDERICK MANNEY,
in their individual and official capacities,            **JURY TRIAL DEMANDED**

                    Defendants.
---------------------------------------------------------x

Plaintiff Gene Haynes, by his attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.   This civil rights action arises from the unlawful search and seizure of Gene

Haynes ("Plaintiff"), a law-abiding citizen who was going home in a cab one night when

he was baselessly and maliciously detained, interrogated, and searched by three NYPD

officers.  Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section

1983") against the individual defendants for illegal search and seizure, and failure to

intervene.  Plaintiff seeks compensatory and punitive damages, costs, disbursements, and

attorney's fees pursuant to applicable federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress

for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3.   Venue is proper in the United States District Court for the Eastern District of

New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in

this district.

## JURY DEMAND

4.   Plaintiff respectfully demands a trial by jury on each and every one of his

claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.   Plaintiff Gene Haynes is a United States citizen, an African-American male, a

resident of Brooklyn, and a law-abiding citizen with a Ph.D. and no criminal record.

6.   The individually named defendants Lieutenant Michael Raso, Detective Juan

Rodriguez, and Police Officer Frederick Manney (collectively, the "individual

defendants") are and were at all times relevant herein officers, employees and agents of

the New York City Police Department ("NYPD").

7.   On the date of the incident giving rise to this complaint, the individual

defendants were assigned to the NYPD Strategic Response Group.

8.   Each individual defendant is sued in his individual and official capacity.  At

all times mentioned herein, each individual defendant acted under the color of state law,

in the capacity of an officer, employee, and agent of the City of New York.

## STATEMENT OF FACTS

9.    On August 18, 2016, around 3:30 a.m., Plaintiff used his mobile phone to request a car ride home with the car-transportation company Lyft.

10.    It was raining at the time.

11.    Plaintiff waited for the Lyft car under a covered bus stop on Empire Boulevard near Prospect Park, in Kings County, New York.

12.    Approximately five minutes later, a Lyft driver (the "Driver") pulled up to the area on Empire Boulevard where Plaintiff was waiting.

13.    After Plaintiff got into the Lyft vehicle, the Driver proceeded to drive east along Empire Boulevard.

14.    When the car stopped at a red light on Empire Boulevard, Plaintiff noticed an unmarked police vehicle with several police officers parked beside the Popeyes restaurant located at 40 Empire Boulevard.

15.    When the traffic light turned green, the Lyft car continued going east along Empire Boulevard.

16.    The unmarked police vehicle – which was from the NYPD Strategic Response Group – began following the Lyft car.

17.    Wanting something to eat before going home, Plaintiff asked the Driver to go to the nearby McDonalds drive-thru so he could purchase some food.

18.    Agreeing to do so, the Driver drove to the 24-hour McDonalds at 57 Empire Boulevard.

19.    The police vehicle turned into the McDonalds right behind the Lyft car.

20.    The lights of the police vehicle began flashing.

21.     Noticing the lights, the Driver stopped his car in the driveway of the McDonalds.

22.     Three male police officers in plain clothes – the individual defendants – emerged from the unmarked police vehicle and approached the Lyft car.

23.     One of the officers asked the Driver if everything was OK.

24.     The Driver responded that everything was perfectly fine.

25.     The Driver further indicated that his customer (Plaintiff) wanted to pick up some food before being dropped off.

26.     Another officer opened the back door of the Lyft car and shined his flashlight at Plaintiff and the interior of the car.

27.     There was no sign of anything wrong, suspicious, or unlawful regarding the vehicle.

28.     There was no sign of anything wrong, suspicious, or unlawful regarding the Driver.

29.     There was no sign of anything wrong, suspicious, or unlawful regarding Plaintiff.

30.     The Driver's Lyft credentials were conspicuously posted in the interior of the car.

31.     Without identifying themselves, the officers began interrogating Plaintiff, asking him accusatory questions, such as "Where are you going?" "What are you doing?" "Where do you live?"

32.     Plaintiff gave truthful, credible, and innocent answers to these questions.

33.    Plaintiff explained that because it was raining, he decided to order a Lyft vehicle and get food on the way home.

34.    The officers continued asking questions that demonstrated their view that Plaintiff was up to no good, asking Plaintiff if he had any drugs, alcohol, or weapons.

35.    Plaintiff credibly denied having any drugs, alcohol, weapons, and any other contraband.

36.    The officers had absolutely no reason to suspect Plaintiff of any crime or wrongdoing.

37.    The defendant officers seized and searched Plaintiff's backpack.

38.    The officers found nothing unlawful or suspicious inside Plaintiff's backpack.

39.    The officers ordered Plaintiff to get out of the Lyft car.

40.    Plaintiff complied with the officers' order and stepped out of the car.

41.    Plaintiff was frightened and baffled throughout this encounter with the police, and said repeatedly, "I don't understand what's going on."

42.    When Plaintiff was outside the Lyft car, the officers continued questioning him, asking, for example, if Plaintiff had been arrested before.

43.    Plaintiff tried to persuade the officers that he was not a criminal, but a student getting ready for business school, an educated and working man.

44.    The defendant officers scoffed and asked, "What school did you go to?"

45.    The officers baselessly assumed Plaintiff was a criminal and went on a wild good chase for incriminatory information.

46.    Outside the Lyft vehicle, one of the defendant officers patted down and frisked Plaintiff.

47.    That officer also put his hands into Plaintiff's pants pockets.

48.    Nothing unlawful was found on Plaintiff.

49.    After searching Plaintiff, that officer stood directly in front of Plaintiff and stared at him without saying anything.

50.    Finally, knowing that they had no reason to suspect Plaintiff of anything unlawful, the officers decided to leave and drive away.

51.    Before leaving, the officers informed Plaintiff that they were conducting a "safety check" because there had been recent robberies of cab drivers in the area.

52.    As the officers drove away, Plaintiff successfully memorized the license plate number of the police vehicle:  GWK 4276.

53.    At no point during the encounter with the officers did Plaintiff say or do anything unlawful, threatening, or suspicious.

54.    At no point during this encounter did the officers ask Plaintiff for his ID or otherwise try to ascertain Plaintiff's identity.

55.    As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a.  Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b.  Emotional distress, degradation, and suffering.

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**Deprivation of Federal Civil Rights Under Section 1983**

56.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

58.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

59.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

60.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Illegal Seizure Under Section 1983

61.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

62.     By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable seizures.

63.     As detailed above, the individual defendants intentionally stopped, questioned, and detained Plaintiff without reasonable suspicion, and without privilege or consent.

64.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Illegal Search Under Section 1983

65.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

66.     By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful searches.

67.     Without probable cause, a warrant, or consent, the individual defendants searched Plaintiff's person and backpack, where Plaintiff had a reasonable expectation of privacy.

68.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Failure to Intervene Under Section 1983

69.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

71.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

72.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.     An order awarding compensatory damages for Plaintiff Gene Haynes in an amount to be determined at trial;

b.     An order awarding punitive damages in an amount to be determined at trial;

c.     A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.     Such other and further relief as this Court may deem appropriate.

DATED:     September 20, 2017                _____ s/ _____
           New York, New York                CYRUS JOUBIN, ESQ.
                                             43 West 43rd Street, Suite 119
                                             New York, NY 10036
                                             (703) 851-2467
                                             joubinlaw@gmail.com
                                             Attorney for Gene Haynes